# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BRYAN L. DAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 09-960-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

---

Bryan L. Dawkins. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

## MEMORANDUM OPINION

Jan 23 , 2013
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 ("petition") filed by petitioner Bryan L. Dawkins ("Dawkins"). (D.I. 2)  For the

reasons discussed, the court will deny the petition as time-barred by the one-year limitations

period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL[1] AND PROCEDURAL BACKGROUND

The incident leading up to the charges against Dawkins began on October 21, 2002, when

Dawkins' ex-wife, Stacey, picked up her son, Myles, at the Boys and Girls Club in Wilmington,

Delaware, where he attended an after-school program.  Stacey and Dawkins had lived separately

since June of 2002.  Dawkins was not Myles' biological father, but had legally adopted him in

1998 when he and Stacey were married.  The Family Court had issued a protection from abuse

("PFA") order which, among other things, enjoined Dawkins from going to Myles' after-school

program at the Boys and Girls Club.

In violation of the PFA order, Dawkins parked his car close to the Boys and Girls Club

and, when Stacey went inside to get Myles, hid inside the trunk of her car.  As Stacey drove

towards North Wilmington, Myles heard Dawkins in the trunk.  Stacey stopped to let Dawkins

out of the trunk and he got into the car on the front passenger side.  Stacey continued to drive

and, by the time they reached northbound U.S. Route 202, she and Dawkins were involved in a

heated argument.  Other drivers on the road observed that the car was driving erratically, as

Dawkins attempted to take control of the steering wheel.  The car finally ended up in a grass

---

[1]The facts are quoted directly from *Dawkins v. State*, 884 A.2d 511 (Table), 2005 WL
2254197, at *1 (Del. 2005).

1

median between the north and southbound lanes of Route 202.

The argument between Dawkins and Stacey then turned even more violent. Dawkins punched Stacey in the face and she ran out of the car, screaming for help. Rush hour traffic on Route 202 came to a halt. As Dawkins caught up with Stacey, he stabbed her with a knife at least six times. Most of the wounds were in her chest, but she also sustained cuts to her hands and skull. One driver, who had stopped to help, returned to his vehicle when Dawkins displayed a silver object, which the driver assumed to be a weapon. Another driver who witnessed the incident identified the weapon as a knife. An off-duty Wilmington police officer chased Dawkins to a wooded area in the vicinity of Augustine Cut-Off, an area close to Route 202, where Dawkins managed to escape. Stacey struggled back to her car and collapsed. She later died of multiple stab wounds. Her son, Myles, who remained in the car, witnessed the incident. Drivers who came to his rescue testified that he was screaming hysterically. Delaware State Police arrested Dawkins the next day.

On December 16, 2002, Dawkins was indicted on the following charges: two counts of first degree murder; three counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"); first degree kidnaping; endangering the welfare of a child; and third degree assault. Prior to trial, the Superior Court granted Dawkins' motion to sever the charge of third degree assault. In April 2004, a Delaware Superior Court jury convicted Dawkins of one count of first degree murder, one count of PDWDCF, and endangering the welfare of a child. The jury acquitted Dawkins on the remaining charges. On June 15, 2004, the Superior Court sentenced Dawkins to natural life at Level V for the first degree murder conviction; twenty years at Level V, suspended after four years, for the PDWDCF conviction; and one year at Level V for the

2

endangering the welfare of a child conviction. Dawkins appealed, and the Delaware Supreme

Court affirmed his convictions and sentences on September 15, 2005. *See Dawkins*, 2005 WL

2254197.

On September 26, 2006, Dawkins filed his first motion for state post-conviction relief

pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"); the motion asserted eleven

grounds for relief, including numerous ineffective assistance of counsel allegations.

*See State v. Dawkins*, 2007 WL 959519, at *1 (Del. Super. Ct. Mar. 28, 2007). The Superior

Court denied the motion, and Dawkins appealed. The Delaware Supreme Court remanded the

case, calling for Dawkins' trial counsel to file a Rule 61 affidavit in response to the ineffective

assistance of counsel allegations, and for the Superior Court to decide whether a hearing was

desirable. *See State v. Dawkins*, 2008 WL 741487, at *2 (Del. Super. Ct. Mar. 19, 2008). After

reviewing defense counsel's Rule 61 affidavit, the Superior Court denied Dawkins' Rule 61

motion. The Delaware Supreme Court affirmed that judgment on June 13, 2008. *Dawkins v.*

*State*, 954 A.2d 910 (Table), 2008 WL 2404444 (Del. June 13, 2008).

Dawkins filed his second Rule 61 motion on September 18, 2008. The Superior Court

denied the motion, and the Delaware Supreme Court affirmed that decision on April 28, 2009.

*Dawkins v. State*, 972 A.2d 311 (Table), 2009 WL 1123969 (Del. Apr. 28, 2009).

Dawkins filed the instant habeas petition in December 2009, asserting the following ten

grounds for relief: (1) changing the venue from Sussex County to New Castle County violated

his due process rights; (2) the indictment was defective because the count charging him with

felony murder did not comply with the requirements established in *Williams* and *Chao*; (3) the

indictment was fraudulent; (4) the warrantless search and seizure of evidence violated Dawkins'

3

constitutional rights; (5) there was insufficient evidence of intent to commit first degree murder;

(6) the jury instruction regarding extreme emotional distress was improper;  (7 & 9) there was

perjured testimony and prosecutorial misconduct relating to the testimony of Myles Dawkins; (8)

defense counsel provided ineffective assistance for numerous reasons; and (10) this court should

compel the "reversal" of the convictions Dawkins believes was already ordered by the Delaware

Supreme Court when it remanded his Rule 61 motion back to the Superior Court. The State filed

an answer, arguing that the petition should be dismissed as time-barred. (D.I. 14) Alternatively,

the State contends that claims one through seven, several allegations of claim eight, and claim

nine should be denied as procedurally barred; the other allegations in claim eight should be

denied for failing to satisfy the standards articulated in § 2254(d)(1); and claim ten should be

denied for failing to present a cognizable issue for habeas review. *Id.*

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320,

336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions

by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Dawkins' petition, filed in December 2009, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Dawkins does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Dawkins' convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Dawkins' convictions and sentences on September 15, 2005, and denied his motion for rehearing *en banc* on October 14, 2005. Following that decision, Dawkins did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Dawkins' convictions became final for the purposes of § 2244(d)(1) on January 12, 2006. Accordingly, to comply with the one-year limitations period, Dawkins had to file his § 2254 petition by January 12, 2007. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

5

Dawkins did not file his habeas petition until December 14, 2009,[2] almost two full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B.  Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Dawkins filed his first Rule 61 motion on September 26, 2006. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on June 13, 2008. Dawkins filed a motion for rehearing *en banc*, which the Delaware Supreme Court denied on July 7, 2008. Consequently, Dawkins' first Rule 61 motion tolled the limitations clock from September 26, 2006, through July 7, 2008.

When Dawkins filed his first Rule 61 motion on September 26, 2006, 252 days of AEDPA's limitations period had already expired. The limitations clock started to run again on July 8, 2008, and ran another 72 days without interruption until September 18 , 2008, the day on which Dawkins filed his second Rule 61 motion. Dawkins' second Rule 61 motion tolled the

---

[2]Pursuant to the prisoner mailbox rule, the court adopts the petition's postmark date (December 14, 2009) as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

limitations period until April 28, 2009, the date on which the Delaware Supreme Court affirmed the Superior Court's decision. The limitations clock started running on April 29, 2009, and continued to run the remaining 41 days without interruption until the limitations period expired on June 8, 2009. Therefore, even with statutory tolling, Dawkins filed the petition approximately six months too late. Accordingly, the petition must be dismissed as time-barred unless equitable tolling is available.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Dawkins does not allege, and the court cannot discern, that any extraordinary circumstances prevented him from filing his habeas petition with this court in a timely manner. Significantly, even though Dawkins filed two documents in response to the State's answer (D.I. 21; D.I. 23), neither of these filings address the statute of limitation issue raised by the State. To

7

the extent Dawkins simply miscalculated AEDPA's filing deadline, it is well settled that a

prisoner's ignorance of the law and lack of legal expertise does not excuse a prompt and timely

filing. *See Jones v. Morton,* 195 F.3d 153, 160 (3d Cir. 1999); *Simpson v. Snyder*, 2002 WL

1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute

an extraordinary circumstance for equitable tolling purposes).   Accordingly, the court will

dismiss the petition as time-barred.[3]

## III.  PENDING MOTION

Dawkins filed a "motion to set aside state court's finding of facts" during the pendency of

this proceeding.   (D.I. 23)  He contends that the Delaware Superior Court's failure to conduct an

evidentiary hearing on the ineffective assistance of counsel allegations presented in his Rule 61

motion resulted in an unreasonable determination of facts for the purpose of federal habeas

review, and he asks this court to conduct its own evidentiary hearing.  However, as just

discussed, the court has concluded that it must dismiss the instant petition as time-barred.

Accordingly, the court will deny as moot Dawkins' motion to set aside the state court's findings

of fact.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also

decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011).  A

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the

denial of a constitutional right" by demonstrating "that reasonable jurists would find the district

---

[3]Having determined that the petition is time-barred, the court need not address the State's
alternative reason for denying the petition.

court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2);

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on

procedural grounds without reaching the underlying constitutional claims, the court is not

required to issue a certificate of appealability unless the petitioner demonstrates that jurists of

reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

     The court has concluded that Dawkins' petition filed pursuant to 28 U.S.C. § 2254 is

time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be

debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

     For the reasons discussed, the court will deny Dawkins' petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)

     An appropriate order will be entered.

9